J. O. BEASLEY *v.* JOHN C. FERRISS, County Judge.

1. MANDAMUS. *Appeal therefrom.* From the judgment of the Circuit Court awarding a peremptory *mandamus* to induct a person into the office of constable, the respondent may appeal, and if the appeal be refused, may sue out a writ of error.

2. CONSTABLE. *Vacancy in office. How filled.* Upon the happening of a vacancy in the office of constable the sheriff may, since the adoption of the Constitution of 1870, as before, hold an election, under the Code, sec. 401, to fill the vacancy; and the election may be held on the same day, and at the same time with the general election for the Governor of the State and members of the General Assembly.

## FROM DAVIDSON.

Writ of error from the Circuit Court of Davidson county. F. T. REID, J.

W. G. BRIEN for Beasley.

A. ALLISON for Ferriss.

COOPER, J., delivered the opinion of the court.

The person elected constable for the Thirteenth Civil District of Davidson county, at the general election in August, 1878, having refused to qualify, the sheriff gave notice under the Code, sec. 401, and held a special election on the 5th of November, 1878, at the same time with the general election for the Governor of the State and members of the General Assembly, to fill the vacancy. At this election J. O. Beasley, the petitioner, was elected constable. Having taken the oath of office, and having the certificate of the sheriff to the fact that he had been elected, he

applied to the defendant, John C. Ferriss, County Judge, to be inducted into office, tendering a proper bond with sufficient sureties.

The County Judge having refused the application, the petitioner sued out a *mandamus nisi*, which on the hearing was made peremptory. The respondent, Ferriss, prayed an appeal in error to this court, which was refused. He thereupon filed a transcript of the record and obtained a writ of error. The case has been submitted, upon full and able written arguments, and the court in view of the importance and public nature of the question involved has determined it at once.

If the petitioner was legally elected he was entitled to the *mandamus* granted, the party dissatisfied with the judgment being authorized to appeal therefrom in the nature of a writ of error. Code, sec. 3567, 3174; *Thomason* v. *Justices*, 3 Hum., 233; *Saffrons* v. *Ericson*, 3 Col. 1. A writ of error lies of right where an appeal, or appeal in the nature of a writ of error would lie, and sometimes it seems where the appeal is properly refused. Code, sec. 3176; *Sevier* v. *Justices*, Peck, 334; *Ragsdale* v. *State*, 2 Swan, 416; *Chadwell, exparte*, 3 Baxter, 98.

An issue of fact seems, upon the coming in of the answer of the County Judge, to have been made and tried in the Circuit Court as to whether an appointment of a constable, to fill the vacancy in the Thirteenth district, had, previous to the sheriff's election on the 5th of November, been made by the County Court or the County Judge, but the issue was clearly

immaterial. It was a matter of no consequence to the petitioner whether an appointment had been made or not. If legally elected, he was entitled to the office over the temporary appointee by whomsoever the appointment was made, and if not legally elected, he had no rights in the premises.

The Constitution of 1870, art. 7, sec. 5, provides that elections for judicial and other civil officers shall be held on the first Thursday of August next preceding the expiration of the respective terms of service. It further provides that "no appointment or election to fill a vacancy shall be made for a period extending beyond the unexpired term." By the same article of the Constitution, sec. 4, it is provided thus: "The election of all officers, and the filling of all vacances, not otherwise directed or provided by this Constitution, shall be made in such manner as the Legislature shall direct." The only act of the Legislature on the subject of the election of constables passed since the adoption of the Constitution of 1870, is the act of 1870, 2d sess., ch. 23, sec. 6, Code, sec. 825f, which provides for the general biennial election of civil officers on the first Thursday of August, in accordance with the terms of that instrument. It says nothing about filling a vacancy in the office of constable, either by appointment or election. Nor does the Constitution make any provision on the subject, other than conferring general power on the Legislature as above. But the Code, sec. 400, authorizes the County Court to fill the vacancy by a temporary appointment, and, by sec. 401, empowers the sheriff,

upon the happening of such vacancy, to open and hold an election, on ten days notice, to fill the vacancy. The election in controversy was held under, and in accordance with this latter section.

By the new Constitution, art. 11, sec. 1, all laws then in force, and in use in the State, not inconsistent therewith, shall continue in force until repealed. Of course a law authorizing the filling of a vacancy in the office of constable by a popular election was not inconsistent with a constitution which, as we have seen, left the filling of the vacancy to the direction of the Legislature. Undoubtedly, the Legislature might, under this authority, have provided for the filling of a vacancy in the office of constable by a special election. They have done so as effectually by leaving these provisions in force as if they had re-enacted them. And there is nothing in the existing Constitution and laws to prevent such special election being held on the same day, and at the same time with any other election.

The petitioner is entitled to the office, and the judgment of the Circuit Court granting a peremptory *mandamus* is affirmed with costs.