Rader *v*. Davis.

E. M. RADER *v*. WM. E. DAVIS AND ANDREW JOHNSON.

1. CONSTABLE. *Sureties. Liable for money collected without suit.* The sureties of a constable are liable on his official bond, for money collected by the officer, on a claim placed in his hands for collection, although the money was received without suit.

2. SAME. *Failure to pay over. Damages.* In such suit on his bond, damages at the rate of $12\frac{1}{2}$ per cent. is recoverable, in the same way as when the proceeding is by motion.

3. SAME. *Bond. Blanks. When signed.* No objection to validity of a constable's bond in such a suit, that the name of the constable was not inserted in it, blanks for the name not having been filled, where the parties to the bond acknowledge it, as required by law, and the constable is installed into office on the faith of such bond so acknowledged.

FROM GREENE.

Appeal in error from the Circuit Court of Greene county.    NEWTON HACKER, J.

R. M. McKee for Rader.

Robinson & Maloney for Davis and Johnson.

Freeman, J., delivered the opinion of the court.

This is an action brought before a justice of the peace, against sureties on a constable's bond, "for failure to pay over one hundred dollars received on a note placed in his hands for collection." The case was tried on appeal to the circuit court, without the intervention of a jury, and judgment rendered against the defendants, but the court refused to give damages in favor of the plaintiff. From the judgment against them the defendants appeal, and plaintiff prosecutes a writ of error for failure to give damages on the sum collected.

The facts necessary to be stated are : A note was placed in the hands of the constable, who gave his receipt for its collection, agreeing " to account for it as an officer." After this he received of the payor of the note then in his hands one hundred dollars, which he has failed to account for or pay over.

Two errors are assigned by plaintiffs in error :

First, that the sureties are not liable on the bond of the constable, because the money was not received by him officially, but only in his character as agent, no suit having been brought, judgment had, nor execution issued.

By the terms of his bond, as required by sec. 385 of the Code, the constable is bound to " pay over and account for all moneys by him collected by virtue of

his office, to the person or persons authorized to receive them." The officer occupied the double relation, as held by this court, 2 Head, 590, of " private agent and constable." As agent, for any negligence in failing to sue on the note, or take out execution, or any other unofficial act, he would alone be personally responsible. *Ibid.* But having received the money, by sec. 385, his official duty was to pay it over, and the terms of his bond embodies this legal obligation. In accord with this principle, by sec. 3600 of the Code, a motion is given for such failure, in all cases where the demand is cognizable before a justice of the peace. The case of *State for use, etc.,* v. *Gilmore,* 3 Sneed, 505, is conclusive of this question. There was no error in the ruling of the circuit judge.

The second error assigned is on a special plea of *non est factum,* the matter of which is, that at the time the bond was signed, sealed and delivered, there were two blanks in it—one for the name of the constable, Daly, or that he had been elected and these blanks were filled up by the order, perhaps, of the county court.

We do not think there is anything in this objection. The record shows the bond of the constable was acknowledged by the parties in open court, and his oath of office is endorsed on the same, and he was inducted into office on the faith of it. Having received the money by virtue of this bond, it is now too late to object to a mere verbal defect in it. The matter of the blanks there filled up was not probably material anyway, as we think a recovery

Rader *v.* Davis.

could well be had on the bond (which was otherwise complete) by proper averments, even if the blanks. had never been filled.

The court erred in not giving damages of 12½ per cent. on the amount of the recovery.   By sec. 3592 of the Code, a general provision is made for such damages in all cases where otherwise the matter is. not specified.   This applies to the remedy by motion, it is true, but by the next section it is provided that the motion is only a cumulative remedy, and does. not deprive the party of any other remedy provided by law.   It certainly was not intended to give damages when the remedy was by motion, and, for the same cause of action, when brought on the bond, give none.

The judgment will be affirmed as to sureties, the and reversed as to the damages.