C. A. OWEN et al., Petitioners, v. ED HOLDWAY et al., Defendants.—425 S.W.(2d) 623.

Western Section. March 3, 1967.

Rehearing Denied April 13, 1967.

714

Francis W. Headman, Knoxville, for petitioners.

Roy T. Campbell, Jr., Newport, for defendants.

CARNEY, J. This case was heard before the Western Section of the Court of Appeals sitting at Knoxville on December 1, 1966, upon the petition of J. H. Owen et al.,

the complainants, for writs of error and supersedeas. The original suit was filed in 1948 against defendants Ed Holdway and Winfred Holdway to set aside a deed by J. H. Owen to a certain interest in real estate located in Cocke County, Tennessee, as being a forgery. On October 31, 1950, the Eastern Section of the Court of Appeals upheld a judgment of the Trial Court that the deed was, in fact, a forgery and on March 9, 1951, petition for certiorari was denied by the Tennessee Supreme Court. Upon a remand the land involved in the litigation was sold and the proceeds distributed.

In 1951, the petitioners herein or their predecessors in title made claim for damages and mesne profits from the defendants, Ed Holdway and Winfred Holdway, for the years 1948, 1949, and 1950 during which the defendants unlawfully withheld possession of the real estate under the forged deed. A reference to the Clerk and Master was ordered to determine the amount of rents and damages owed by defendants, Holdway and Holdway. Evidence was taken by the Master and a report filed on March 11, 1953, in which the Clerk and Master allowed no rents, profits, or damages to the complainants but assessed the defendants with the costs of the cause and attorneys' fees without naming any specific amount of attorneys' fees.

Exceptions to the Master's report were timely filed by the complainant petitioners. No action was taken by the Chancery Court on the exceptions filed to the Master's report made in 1953 until February 7, 1966, when Chancellor Designate Walter R. Gray entered an order sustaining exceptions to the Master's report. In response to a request by one of the petitioners in December, 1965, Chief Justice Burnett had designated Chancellor Walter

R. Gray of the Fifteenth Chancery Division to hear the case. Chancellor Gray entered a decree for $2,760 as damages and mesne profits against the defendants, Ed Holdway and Winfred Holdway, along with three years' interest in the amount of $496.80 making a total judgment of $3,256.80 in favor of the "heirs of J. H. Owen, deceased." The Chancellor Designate disallowed the attorneys' fees as reported by the Clerk and Master.

, Both complainants and defendants, filed petitions for rehearing. On March 31, 1966, Chancellor Designate Gray filed a written memorandum opinion denying both petitions to rehear. This memorandum by the Chancellor expressly stated, "Counsel will prepare an order immediately conforming to the holding in this opinion and incorporate this opinion in said order."

On May 25, 1966, His Honor the Chancellor entered an order prepared by himself which recited that the solicitors for the parties had failed to present a decree in conformity with the opinion rendered on March 13, 1966, and that the parties "have not complied with the time-honored maxims and principles of equity that 'equity aids the vigilant not those who sleep on their rights' ", ordered the cause dismissed and taxed each party with one-half the costs.

On June 15, 1966, Chancellor Gray entered an order denying a petition to rehear filed on behalf of the petitioners—original complainants, because not properly verified and reaffirmed his order of May 25, 1966, dismissing the cause.

On July 25, 1966, complainants, J. H. Owen, Laura Owen, et al, filed, in the Court of Appeals at Knoxville, a petition for writ of error and supersedeas giving a

history of the case substantially as above set out and averring that His Honor the Chancellor had acted erroneously in refusing them the right of an appeal. The petition tendered certified copies of portions of the record in the cause below.

A writ of error lies as a matter of right from the final judgment of any Circuit or Chancery Court where an appeal or an appeal in the nature of a writ of error would have lain. T.C.A. Section 27-601 and Beasley v. Ferriss, 1878, 69 Tenn. 461.

Our first inclination is to discharge the writ of error and affirm the judgment of the lower court because the attorney for petitioners failed to comply with Rules 11 and 12 of this court relating to the preparation and filing of assignments of error. No formal assignments of error were filed and no reference was made to the pages in the record where the alleged errors of the lower court might be found. However, the appellate courts are reluctant to dismiss cases without considering them upon their merits. The "brief and argument" filed by attorney for petitioners does set out clearly the alleged errors complained of.

We can well understand that the patience of His Honor Chancellor Gray was sorely tried by the repeated delays of attorneys in preparing and presenting the orders and decrees directed by him. However, it appears that there is now on record in the Chancery Court of Cocke County a decree awarding a judgment of $3,256.80 against the defendants, Holdway and Holdway, in favor of the "heirs of J. H. Owen" and that further litigation will probably ensue for the collection of the judgment even if the decree of dismissal of the Chancellor is sustained. It must be

remembered that the defendants have been adjudged guilty of holding the lands under a forged deed and they will escape any civil penalty for this wrongful holding if the writ of error is discharged without a hearing on the merits. Accordingly, we have decided to waive the non-compliance with Rules 11 and 12 and to review the cause on its merits.

 There is no merit in petitioners' contention that His Honor the Chancellor was in error in failing to allow more than three years' interest for damages and mesne profits. Where the allowance of interest is not regulated by statute nor stipulated by contract, it is discretionary with the Chancellor as to how much, if any, interest will be allowed. See Evans v. Boggs, 35 Tenn.App. 354, 245 S.W.2d 641; State v. Stockton, 38 Tenn.App. 90, 270 S.W.2d 586; In Re Russell's Estate, (1961), 52 Tenn. App. 320, 373 S.W.2d 226. The discretion of the Chancellor below in allowing three years' interest will not be disturbed.

We now consider the second insistence that His Honor the Chancellor erroneously entered an order dismissing the entire cause because of the delay and/or refusal of attorneys to submit promptly decrees in accordance with the memorandum opinion of the Chancellor. Mr. Headman, attorney for petitioners, states under oath that on April 22, 1966, in conformity with the written opinion of the Chancellor filed on March 31, 1966, he prepared a decree and forwarded the original and copies by mail to Mr. Campbell, attorney for defendants, at his office in Newport, Tennessee, with a letter requesting Mr. Campbell to approve the decree and forward it to the Chancellor. Mr. Headman states that he received no reply from Mr. Campbell and the record indicates it was never

presented to the Chancellor. Mr. Campbell does not deny this statement in his reply to the application for Writ of Error.

Mr. Headman further makes oath that on May 17, 1966, after his letter to Mr. Campbell was ignored, he prepared a new decree which set out the genealogy of the heirs of J. H. Owen and the fractional shares of the several owners of the recovery and mailed it to the Chancellor. This decree provided for no appeal and would have terminated the litigation if it had been entered. Apparently this decree was never received by Chancellor Gray.

We find it unnecessary to discuss one or more interlocutory decrees made by Chancellor Designate Gray relative to the claim of Laura Owen in the judgment; it having developed that in 1950, C. A. Owen attempted to convey all of his interest in the real estate originally involved in this litigation to his daughter, Laura Owen. There appears now to be no controversy as to the persons now entitled to recover the judgment of $3,256.80 entered of date February 7, 1966, if approved by this court.

The record before us is not sufficiently clear to make a satisfactory determination as to persons at fault for the extreme delay in the termination of this litigation. There have been a number of lawyers representing various parties, some of whom have died. There have been several Chancellors in office in Division Thirteen during the pendency of this litigation. We find in the record a motion by attorney for petitioners to sustain exceptions to the Clerk and Master's report filed in 1956. Apparently their motion was never acted upon. Also in the record filed in 1959 is a petition by attorney for petitioners averring that some of the depositions heard by the Clerk

and Master were lost and asking permission to substitute copies and to establish the testimony of some witnesses whose depositions were lost and no copies available. No action was had by the court on this petition.

This litigation must be terminated and we take what we think are the most direct steps to terminate it. We hold that the Chancellor, though his patience was sorely tried, was in error in dismissing the suit rather than entering a decree determining those entitled to recover the judgment of $3,256.80 entered on February 7, 1966. The decree of the Chancellor dismissing the suit will be reversed.

The copy of the final decree which Mr. Headman makes oath that he prepared for entry pursuant to the decree of the Chancellor Designate of date February 7, 1966, sets out a complete genealogy of the persons whom Mr. Headman states are entitled to collect the judgment of $3,256.80 as the "heirs of J. H. Owen, deceased." If the attorney for defendants, Holdway and Holdway, agrees that this is a correct genealogy and that the persons hereinafter named are entitled to collect the judgment, a decree will be entered in this court awarding a judgment against the defendants, Ed Holdway and Winfred Holdway, in the amount of $3,256.80 together with interest from February 7, 1966, in favor of the "heirs of J. H. Owen, deceased" whose names and fractional shares in the recovery are:

(1) J. C. Owen _____1/10
(2) Charlsie Gregg _____1/10
(3) Estil French _____1/10
(4) Eulis French _____1/10
(5) Andrew Owen _____1/20

(6) Paul Owen _____1/20
(7) Martha Owen _____1/20
(8) Leonard Owen _____1/20
(9) Ralph Teague _____1/5
(10) Frank Moore _____ _____1/10
(11) Leona Moore Brand _____1/10

The interest of Charlsie Gregg will be credited on the judgment to the benefit of defendants, she having indicated a willingness or a desire to abate her portion or interest in the judgment.

If the attorney for defendants does not agree that the names of the persons set out above and their fractional shares in the recovery are correct, then a decree will be entered in this court reversing the judgment of dismissal of the lower court, affirming in all things the interlocutory decree of the Chancellor rendered of date February 7, 1966, and remanding the cause to the Chancery Court of Cocke County for the sole purpose of determining and awarding judgment to those persons entitled to collect the judgment of the Chancellor of date February 7, 1966, against the defendants, Ed Holdway and Winfred Holdway.

The costs in the court below and in this court will be taxed against the defendants.

Avery, P.J. (W.S.), and Bejach, J., concur.

## PETITION TO REHEAR DENIED AND PETITION FOR LIEN FOR SOLICITOR'S FEE ALLOWED

CARNEY, J. Heretofore on March 3, 1967, this Court announced an opinion affirming a judgment in the amount of $3,256.80 together with interest from February 7, 1966, in favor of the "heirs of J. H. Owen, deceased" and

against the defendants, Ed Holdway and Winfred Holdway. We stated in the opinion that if counsel were unable to agree as to the persons properly entitled to collect the judgment, the cause would be remanded to the Chancery Court of Cocke County for the sole purpose of determining and awarding judgment to those persons entitled to collect the judgment of the Chancellor entered of date February 7, 1966.

Defendants Ed Holdway and Winfred Holdway have filed a petition to rehear. They insist that since the lands involved in the litigation were sold through court at a total price of $12,913, it would be grossly inequitable to assess the defendants $3,256.80 as damages for rent for a period of some three years. The chancellor awarded damages of $2,760 and allowed interest of $496.80 for only three years. The complainants asked for the entire period of time from 1950 through 1966 of approximately $1,500. We affirmed the action of the Chancellor in limiting recovery of interest to only three years. After full consideration we think we reached the correct result in our former opinion and the petition to rehear is respectfully denied.

█ Solicitor for the complainants has filed a petition in this Court asking that he be awarded a lien on the recovery for his fee in the amount of one-third of the recovery and asking that the fee be paid directly to him by the Clerk of this Court or the Clerk and Master upon remand.

We stated in our original opinion that the cause had been in court too long and the litigation must be terminated. The record before us is not sufficient to determine the amount of fees to which the complainants' solicitor is entitled.

The judgment in favor of the complainants will be impressed with a lien in favor of the solicitor, Mr. Headman, for his fee. If a decree is entered in the Court of Appeals showing the names of the persons entitled to collect the judgment and the amount to which each is entitled as provided in our opinion of date March 3, 1967, and if all of the complainants agree in writing filed with the Clerk as to the amount of the fee their solicitor, Mr. Headman, is entitled to receive from the recovery, the Clerk of this Court will be authorized to make payment thereof directly to Mr. Headman out of the collection of the judgment. If the agreement of all the complainants as to the amount of Mr. Headman's fee is not filed in writing with the Clerk and/or if the judgment entered in the Court of Appeals does not show the names of the complainants and the amount each is entitled to receive out of the judgment, the cause will be remanded to the Chancery Court of Cocke County for the determination of the amount of fee to which Mr. Headman is entitled and/or to determine the names and the amounts each of the complainants is entitled to receive out of the judgment rendered by the Chancellor of date February 7, 1966. The costs upon the remand will be taxed by the Chancellor.

Avery, P.J. (W.S.), and Bejach, J., concur.